# IN THE COURT OF APPEALS OF IOWA

No. 19-1375
Filed November 27, 2019

**IN THE INTEREST OF P.M. and A.V.,**
**Minor Children,**

**A.M., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.

A mother appeals the termination of her parental rights to her two minor children. **AFFIRMED.**

Daniela Matasovic of Matasovic Law Firm, Ames, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Shannon M. Leighty of Public Defender's Office, Nevada, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

The children in interest were born in 2015 and 2017. The mother has a history of methamphetamine use. The Iowa Department of Human Services (DHS) previously provided the mother substance-abuse-related services from June 2015 to September 2017. The mother and children again came to the attention of DHS in February 2018, when the mother admitted to relapsing on methamphetamine. The mother consented to removal, and the children were placed with the maternal grandparents. A child-abuse assessment also raised concerns for the mother's mental health. The parties stipulated to adjudication of the children as in need of assistance in May. In October, the juvenile court extended the permanency plan of reunification for six months. By April 2019, the mother had made little to no progress. The court directed the State to initiate termination proceedings; the State did so in May. The mother tested positive for methamphetamine later that month. She denied usage and refused to undergo a substance-abuse evaluation. The mother was inconsistent in attending visitation throughout the proceedings. When she did attend, she did not engage the children or actively parent them. She was homeless for most of the proceedings. The mother declined to execute releases, so DHS has been unable to verify whether she was tending to her mental-health needs. The children have been placed in the home of the maternal grandparents since removal. The grandparents intend to adopt the children upon termination.

A termination hearing was held in August, after which the juvenile court terminated the mother's parental rights. The mother appeals,[1] arguing termination is contrary to the children's best interests, termination should have been averted by way of the permissive exception to termination contained in Iowa Code section 232.116(3)(c) (2019), and she should have been allowed an additional six months to work toward reunification.[2]

Our review is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the children, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the children's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

In determining whether termination is in the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). To some extent, the best-interests determination must be made upon past conduct. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). This is because a "parent's past performance . . . may be indicative of the quality of the future care that parent is capable of providing." *In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (quoting *C.B.*, 611 N.W.2d at 495).

---

[1] The court also terminated the parental rights of any putative father of the older child and the younger child's biological father. No father appeals.

[2] The mother also passively suggests a guardianship should have been established in the children's maternal grandparents. She did not request such an arrangement be established below, nor does the record indicate the court considered such an arrangement. Error has not been preserved on the guardianship issue. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Both of these children have been under DHS and juvenile court supervision for most of their lives. Despite being offered nearly four years of services, the mother has been unable to establish herself as a suitable parent for these young children. We agree with the juvenile court that "[t]here has been no significant, material, or identifiable progress by [the mother] in reunifying safely with the children." "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will . . . be able to provide a stable home for the child." *Id.* at 777 (quoting *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010)). We conclude the mother has been given ample time to get her affairs in order and these children's best interests are best served by providing permanency and stability now.[3]

As to the mother's claim that her bond with the children should preclude termination pursuant to the permissive statutory exception contained in Iowa Code section 232.116(3)(c), while we acknowledge the mother and children share at least a limited bond, we find the evidence insufficient to show "termination would be detrimental to the child[ren] . . . due to the closeness of the parent-child relationship." *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) (noting the parent bears burden to establish exception to termination).

We turn to the mother's request for an extension. If, following a termination hearing, the court does not terminate parental rights but finds there is clear and

---

[3] While the mother does not stress the point on appeal, we agree with her position below that siblings should be kept together whenever possible, *In re T.J.O.*, 527 N.W.2d 417, 420 (Iowa Ct. App. 1994), and we acknowledge that termination may well result in the children's separation from their older half-sibling, who is not at issue in this appeal. However, the primary concern is what is in the children's best interests. *Id.* Upon our de novo review of the record, we find termination of the mother's parental rights to be in the children's best interests, despite the potential disconnect from their older sibling.

convincing evidence that the children are in need of assistance, the court may enter an order in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). Section 232.104(2)(b) affords the juvenile court the option to continue placement of a child for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." The juvenile court was unable to make such a finding.

Upon our de novo review of the record, we are also unable to affirmatively conclude a need for removal would no longer exist after a six-month extension. Given the mother's history, we are simply unable to conclude an additional six months would provide the mother with the ability to appropriately parent these children.

> There are a number of stern realities faced by a juvenile judge in any case of this kind. Among the most important is the relentless passage of precious time. The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems. Neither will childhood await the wanderings of judicial process. The child will continue to grow, either in bad or unsettled conditions or in the improved and permanent shelter which ideally, at least, follows the conclusion of a juvenile proceeding.
> The law nevertheless demands a full measure of patience with troubled parents who attempt to remedy a lack of parenting skills. In view of this required patience, certain steps are prescribed when termination of the parent-child relationship is undertaken under Iowa Code chapter 232. But, beyond the parameters of chapter 232, patience with parents can soon translate into intolerable hardship for their children.

In re A.C., 415 N.W.2d 609, 613 (Iowa 1987). The same reasoning controls the mother's request for an extension. We conclude an extension of time is unwarranted.

We affirm the termination of the mother's parental rights to her children.

**AFFIRMED.**